Good afternoon, and before we begin, I have a motion that I would like to make, so I will turn the presiding gavel over to my colleague, Judge Prost, and I will proceed with the motion. Before I make the formal motion, I would simply note that I am moving the admission of one of my law clerks, Brian Nash. Mr. Nash has done a tremendous job for me. I'm fully familiar with his qualifications. He's been an outstanding clerk, has made a great contribution to me and to the court, and I'm delighted to have the opportunity to move his admission to the court. And with that, the formal motion is as follows. I move the admission of Brian Christopher Nash, who is a member of the bar in good standing of the highest court of Texas. I have knowledge of his credentials, and I'm satisfied that he possesses the necessary qualifications. Well, I too have had the pleasure of getting to know Brian as a neighbor down the hall, and with the concurrence of Judge Clevenger, I would grant the motion. Thank you. I'm delighted to join voting positively on the motion. I too know the candidate, the applicant, and I would just like to say that I look forward to the day when you come back and stand in front of us in an official capacity. I'm certain that you'll do well for your client and for the court. All right. At this point, if you'll face the clerk and take the oath. Please raise your right hand if you swear or affirm that you will support yourself as an attorney and counsel of this court, uprightly and according to law, and that you will support the Constitution of the United States of America. Thank you. Congratulations, and welcome to the Bar of the United States Court of Appeals. Congratulations, and welcome. All right. The first case this afternoon is Appeal No. 067383, Grisette v. Department of Veterans Affairs. The counsel will come forward, and for the benefit of all of the counsel who are here to argue cases, I'm sure you're all aware of the fact that we do record these arguments, and they are posted on our internet website, and so for the benefit of those listening to the oral argument on the website and for the assistance of the court in correctly pronouncing your names, if you will enter an appearance as you approach the lectern, I would appreciate that, and we'll proceed. Mr. Abernethy? Yes, good afternoon, Your Honor. David Abernethy for the appellant Ruben Grisette. If the court will defer, please, I'll reserve three minutes for rebuttal. Your Honor, Mr. Grisette is an honorably discharged veteran of service in the United States Army. He is appealing for the decision that affirmed the board's ruling denying his request to reopen his claim based upon new and material evidence of his disability, specifically disabling asthma. The error of law in the court below was a misinterpretation both of the regulation on and the statute and regulation that require consideration of competent lay evidence in connection with service connection. Mr. Abernethy, let me ask you this, or simply start with an observation. It seemed to me that at the regional office in the RO's decision, it seemed to me there was a very thorough discussion of all of the evidence, including the lay evidence, and the discussion and consideration of the weight to be given to that evidence. When it went to the board, the board's opinion is a little bit more cryptic, and it's a little bit more difficult to discern exactly what the board did or did not do in terms of evaluating that evidence. And interestingly enough, it seems to me that as the case moved then to the Veterans Court, the Veterans Court opinion becomes even more cryptic. So the question I have is, first at the board, what in the board's opinion suggests that the board did not take into account all of this lay evidence and did not give the lay evidence whatever credibility it deserved? Your Honor, if you look at A30 in the appendix, that's where the discussion, substantive discussion of the lay evidence is at the board level. And essentially the only thing that the board says about the lay evidence, as I read this opinion, is that lay personnel are incompetent to determine, make medical determinations about the existence or ideology of a disease, and these are lay people who made determinations that Mr. Grissett had asthma after service but didn't before, and they weren't competent to do so, and therefore the evidence wasn't competent. And I would suggest ultimately the board didn't make any determination as to whether the evidence is material, nor could it because it found the evidence to be incompetent. The fundamental flaw with that analysis is the lay statements clearly are not limited to opinions relating to the existence or ideology of the disease. But on page A30, the middle of the page, the board does seem to say that the, it says insofar as the statements attempt to refute the conclusion of the RO that the veteran suffered from asthma prior to service, they are insufficient to support the claim. So it seems to me that they were assessing the weight of that evidence. Well, Your Honor, I think that attributes to the board more analysis of the evidence than the record really will bear, because that bare statement is immediately followed by the board's statement that the lay person without medical training is not qualified to render a medical opinion. And the Court of Appeals for Veterans Claims, I would suggest their opinion focused entirely on and characterized the board's analysis as a conclusion that the statements were properly rejected because they weren't competent. And that's the fundamental error that we see, which is there was certainly competent material in the lay statements. There are observations... Where is that competent material? I mean, looking at his sister's statement, and she says summarily he did not have bronchial asthma. And I think that... Where's anything more than a diagnosis? Well, she observes at page A60 of the appendix that immediately after he returned home, he was seen by a doctor and diagnosed with asthma. A contemporaneous, or a report of a contemporaneous diagnosis is one of the types of lay evidence that this... But that's what happened after he was discharged. You're dealing with whether he had... The question before us is whether he had asthma beforehand and whether it was aggravated or incurred during his... Whether he was seen by a doctor and diagnosed with asthma afterwards is not relevant to the inquiry before us or before the board, is it? No, but you have to put it in the context of the whole record, and it's not just the sister. The... ...statement that he did not have bronchial asthma beforehand. Well, I was about to observe that the report of diagnosis is the type of lay evidence referred to in the court's opinion last week in Jandrow as one type of lay evidence, but it's only one piece, and I think the sister's statement, candidly, is not the most significant lay evidence here. Which is the most significant lay evidence, if the sister's not? The cousin, Reverend Grissett, who made factual observations about physical activity prior to service inconsistent with asthma and his experience in shortness of breath for the first time right after he returned from service. Also, the statements of two co-workers who worked with him as longshoremen right before service who observed him in strenuous physical activity without any breathing problems. But didn't Mr. Grissett put on the record at the time of, I guess, when he mustered out that he'd had asthma for some three to five years before, and the asthma came intermittently, so there'd be some weeks or months when he wouldn't be affected at all, and there'd be others when he was. There are notations apparently attributed to him in medical history or medical records of history, asthma that went back further as we're observing. And those observations were sufficient to rebut the presumption of regularity, right? That's in the record. If credible, they were. Well, they can't be. They're not challenged. Well, they were at the BBA hearing. He testified that he gave no such history and that that was not his medical experience or history and that the entries were inaccurate. Now, it's certainly in the purview of the board to consider lay evidence and determine what is or isn't credible and what the weight is, but I think a fair reading of what the board did here was not to consider the lay evidence at all. There is also testimony of the veteran in the videoconference hearing before the board, which further went to the activities before service that were inconsistent with asthma. What do you take Buchanan against Nicholson and now Jandrow against Nicholson to have done to Rutan against Brown? Well, I don't think that the government argued here that Rutan stood for the proposition that lay evidence wouldn't be sufficient without medical confirmation to establish service connection. I don't think that's what Rutan says, but if it does, it can't survive Buchanan. Rutan says lay assertions of medical causation cannot suffice to reopen a claim under 5108. Buchanan, and I believe Jandrow as well, hold clearly that competent lay evidence in and of itself can be sufficient to establish service connection. Do you think they've subset over Rutan against West? Well, to the extent that Rutan stands for the proposition that it can't be, then yes, I don't think those two can be reconciled. I think Buchanan and Jandrow are quite clear in holding that lay evidence alone can be sufficient to establish service connection. Well, the lay evidence was considered here, as the presiding judge pointed out. If you read the proceedings at the RO, it's perfectly clear, and it's perfectly clear that the BVA in the oral hearing considered all this evidence. They heard it. They asked questions about it. But I think at the end of the day, a fair reading of the BVA's opinion is that the BVA concluded that the lay evidence could not be considered at all because it was not competent. And that's what I think is legally erroneous. If Your Honor looks at the government's brief… Isn't there a difference between saying it can never be competent or it's not competent in this case? And if I'm right, why isn't the latter sufficient here? I don't see, at least looking at the CABC, why can't they conclude that this particular lay evidence was not competent? Are you saying that under the statute they're not allowed to ever make that determination? They're certainly allowed to determine that evidence isn't competent. But the error here, I submit, is taking a lay statement that included arguably expressions of opinion about medical etiology reasonably found to be not competent, and observations of fact that clearly were competent, and without analyzing the contents of the statements, declaring them incompetent in their entirety. But even if you're right, what does it gain you? The third and last sentence in Jandro, which the panel brought to your attention, says whether lay evidence is competent, which is what you're talking about right now, right? And sufficient, competent and sufficient. In a particular case, it's a fact issue to be addressed by the board rather than a legal issue. Game's over under our standard of review. I suggest that Jandro supports the proposition... How did you get around that sentence in Jandro? I believe that Jandro would permit this court and would support this court in remanding the case to the court below to engage in an analysis of the actual... Why? The board determined that the lay evidence here is not competent and or sufficient in this case. This court last week held that that is a fact issue to be addressed by the board. I think that the court also needs to consider that, at least from the government's point of view in terms of the decision here, the government suggests that the court below did consider the lay evidence. I mean, isn't all of this essentially a factual inquiry? It's the grist of which decisions are made as to whether somebody is or is not going to succeed on a claim. And if all of that is subsumed under the factual rubric, then the train stops at the CAVC where you have review of fact for a clear error. I don't have any authority, sir, to decide whether under this case, I don't have any authority to decide whether this lay evidence was either competent on the one hand or sufficient on the other. Do I? I think that you have authority to require the court below to examine the evidence in accordance with the relevant... What ends your best argument to say that the decision in this very case, Brissette's, I think it was Brissette's decision, was handed down seven or eight days before Buchanan and certainly well before Jandro and that in the interest of justice you would suggest to vacate and remand for reconsideration by the CAVC, whatever it wants to do, in the light both of Buchanan and Jandro? I think that's entirely appropriate. Isn't that the most you could ask for? Yeah, I think that's entirely appropriate to remand the case, particularly in light of the government's argument here that the court below did consider the lay evidence but found it to be insufficient without corroborating... So you would say let the CAVC decide whether it passes the broken leg test from Jandro. And to determine whether it did consider that in light of Buchanan. You are into your rebuttal. Would you like to save the balance? I'll just reserve the last two minutes for rebuttal. All right, very good. We'll hear from the government. Good afternoon. I'm Mike DuBose in the Department of Justice. Good afternoon. I'd like to focus on what the court did right off the bat. As you pointed out, Your Honor, the court specifically stated that it considered the lay evidence that was presented before it. And that's the sentence that was read as it states, insofar as the statement's attempt to repeat the conclusion of the RO that the veterans suffered from asthma prior to service, they are insufficient to support the claim. If you go to the CAVC's decision on... But you can't ignore the sentence that immediately follows, right? Well, that's a sentence that Mr. Gusset on appeal doesn't appear to have any problem with. In his summary of the argument, he states that laypersons are not competent to provide medical opinions. And that statement does not run afoul of anything that came in Jandro either. Jandro and Buchanan specifically stated that lay testimony should be considered. But the difference of whether something's lay testimony or medical testimony is entirely a different issue. That next sentence just states that laypersons can't provide medical opinion testimony. But that doesn't end the inquiry. I mean, there may still be some relevance to the lay testimony. And that's what the suggestion is, that the inquiry ended there and never went on to consider the relevance of the lay testimony. Mr. Gusset's argument is that his lay evidence isn't trying to prove, as a matter of opinion, that he had the asthma. He's saying here are a set of facts describing Mr. Gusset's behavior. And we would like someone who is capable of making a medical opinion to simply refer to those facts and decide whether somebody who engaged in that activity that they're putting on the record is consistent with or inconsistent with asthma. Well, what he's arguing in essence, though, and the Court touched upon this, is that because it didn't accept that evidence and because it didn't find that the evidence was material for purposes of his motion to reopen, then therefore the Court must not have looked at it. But that's not what happened. The Court actually did look at it, analyzed it, listed all the evidence that was provided from his sister, from his cousin, from the two laypersons that worked with him as longshoremen, and stated that that was insufficient for purposes of his motion to reopen to be material. But at the Veterans Court, in the Veterans Court opinion, that's at appendix page 2, in the middle of the page, it says, The Board correctly concluded that Mr. Gusset and his relatives were not competent to state whether or not Mr. Gusset had asthma at any particular time and that such statements were not probative, citing Ravel. But the Court didn't state that those statements weren't competent because they didn't offer medical evidence. The Court made a finding that they weren't competent, just like the Board made the finding that they weren't sufficient to overcome all the evidence of record that was in existence that he needed to have new and material evidence to reopen his case. So you don't have a holding here by the CABC that says layperson's statements for purposes of demonstrating new service and occurrence are incompetent or they're per se insufficient. You had them look at them and state that that wasn't sufficient to determine that they were actually material. After JANDRA, does this Court have any authority to review the question of whether or not lay evidence is or is not competent and sufficient in a particular case? No. I mean, this Court has already held in several opinions that that's an issue of fact. The issue of whether something's material is an issue of fact. So JANDRA doesn't expand upon this Court's jurisdiction anyway under 1792. JANDRA just stands for the proposition that when you have lay testimony, you have to look at it. You can't require further medical evidence. You have to state that just because you have a lay testimony, that in and of itself isn't sufficient. JANDRA stated that there may be certain circumstances, for instance, like the broken leg, where a lay testimony could be sufficient to establish service connections for in-service and occurrence statements. So to that extent, at least on that one prong with the broken leg, doesn't that overrule Rutan? I mean, doesn't Rutan say that lay evidence can never be considered? Lay evidence of medical causation can never be considered? Well, Rutan doesn't pertain to service connection. Rutan pertains to a motion to reopen and whether evidence that's provided is material. And what Rutan held. What rational reason would you have to have two different tests? Well, you have greater burdens. With service connection, you have a case that's live, that's going on. In this case, we had a service connection that's trying to be established in the 1950s. And then you have a motion to reopen that's filed. And the applicant has necessarily a higher burden to overcome the finality of the decision, because there's an importance of having final decisions. And that's the logic that underlies it. With service connection, it's a different circumstance. You have somebody that's trying to get it right then and there. And you may have circumstances like the fire in 1973 that wiped out all of the documents that were available in Jandro. And so the court reasonably said, well, you should also be able to look at lay evidence. But this is an entirely different issue. So you don't think the three-part test of Jandro applies to this case because it's a 5108? Well, it doesn't render anything that happened below in the CABC's decision reversible. I mean, the CABC and the BVA did precisely what those bodies were supposed to do. The evidence before it was considered. But the test as to whether lay evidence should be considered or not should be the same, should it not, in either an original claim for service connection or in a request to reopen proceedings for new and material evidence. Well, it doesn't necessarily have to be the same. And for the reason that I just stated regarding the finality of decisions. I mean, when there is a final decision, in order for a veteran to reopen that decades later, they have to meet a higher burden than they did initially at the onset, like they would for service connection. So it makes sense. Well, they have to meet a higher burden, but that doesn't suggest that certain types of evidence are simply off the plate in the reopening case. Right. And again, this, too, is not an issue of what constitutes. When I said that, what I'm speaking to is materiality and whether they've met their threshold in order to establish a material evidence. And what Rutan said, that you can't, the evidence won't, if it's just solely lay evidence, considering interior circumference, when you already have a medical diagnosis, that that won't be sufficient to overcome it. And also in Rutan, too, that dealt with the medical nexus information and causation of that prong, and not necessarily the in-service occurrence. And under Shevin and Calusa, you still need medical evidence for the current diagnosis of the medical condition and the nexus that's thrown out to the in-service and incurred disability country. Another point is, as a threshold matter, too, regarding jurisdiction. What Mr. Grissett is doing is he's almost trying to manufacture jurisdiction by stating that something happened below, and it happened, it didn't happen. What he is stating is that somehow below, the CAVC, in wholesale fashion, stated that you can never consider this lay evidence and that it's not ever going to be sufficient to meet its burden of demonstrated materiality. And that's not what happened below. And all the court did below was properly apply the regulations and statutes governing motions to reopen. In fact, it stated verbatim the current regulation that was in existence through August 2001 pertaining to what constitutes material evidence. And the court recited that statute and it simply applied the statutes and regulations in existence at the time. I recall finding that the evidence, the lay evidence that Mr. Grissett feels was not properly weighed was duplicative of evidence that was already in the record. Some of it was. The record reveals that from 1955 through 1960 there were three diagnoses of his condition where he tried to get service connection. In the first, the doctor reported that Mr. Grissett reported that he had asthma for five years, and that was in 1957, so that would have predated his service, and that it was seasonal, that he got asthma in June and July. There was another report in 1957 that stated that he had it for three years. That, too, predated his service. And then there was a third medical opinion that came out in 1960 where he reported that he had asthma for ten years. So a lot of this is duplicative in the sense that he keeps reporting that he has asthma on three separate occasions in the 1950s through 1960. And each time that was considered, then the new evidence that came in, which was somewhat duplicative, you had his cousin who stated that he did not have asthma in 1960, and his sister echoed the same conclusory medical diagnosis, so to speak, saying, no, he didn't have it before. But one of the witnesses said more than that. I mean, they said that he was active in various sports before he entered the military. And we have his own testimony. He said that he was working with concrete, he had to wade through a foot of concrete to make sure there weren't any honeycombs in the concrete. But, again, the issue of whether it's material is an issue that's beyond this court's jurisdiction. That evidence was there. That evidence was analyzed by the BVA, and the BVA and the CABC, which affirmed this decision, found that that evidence wasn't sufficient to be deemed material so that his case could be reopened. So we asked the court to dismiss this case for lack of jurisdiction, because all Mr. Reset is really challenging on appeal is the application of the standards to reopen to the facts of this case. And in the event that this court deems that it does, in fact, have jurisdiction to consider his claims, we have to affirm the decision of the CABC, which is also consistent with Buchanan, and it's also consistent with Judge Roach's recent position. Thank you. Mr. Abernathy? Your Honor, I add only one observation. This is what the government says the board did at page 15 of its brief. The board did not ignore the lay statements concerning factual observations, as Mr. Reset suggests, but recognized that without the necessary medical evidence establishing service connection occurrence or aggravation, Mr. Reset simply could not substantiate his claim. That's a quote from the government's brief. I'm not sure it's so clear from the board's decision at page 830 that that's what the board did, though I acknowledge there's language in that next paragraph after the one that we were discussing that supports that view. But if that's what the board did, I suggest that the board did not follow Buchanan or Jandro, because what this suggests is that the board, according to the government, considered the lay evidence but decided it can't be sufficient without corroborating medical evidence, and I think that's inconsistent with Buchanan and Jandro. Whether the record as a whole, whether the new evidence is material, I concede is a decision for the board to make if the board has in fact considered all the competent evidence of record and applied the correct rule as ruled in Buchanan and Jandro. I don't think it's at all clear from this record that that's what the board did. I think it did not. Thank you, Your Honor. Thank you very much. The case is submitted. Thank you.